IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CLARENCE ANDERSON											PLAINTIFF
ADC #165441

v.							3:19-cv-00303-BSM-JJV

PHILLIP STERLING, *et al.*										DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Clarence Anderson ("Plaintiff"), in custody at the Craighead County Detention Center, is proceeding *pro se* in this 42 U.S.C. § 1983 action. (Doc. No. 2.) Plaintiff sued Craighead County Correction Officers Phillip Sterling and Austin McFarland in their personal and official capacities, seeking damages. (*Id*. at 2, 5.) After careful review of Plaintiff's Complaint, I recommend his claims be dismissed without prejudice.

### II. SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. ANALYSIS

As a part of the screening process, on November 18, 2019, I notified Plaintiff that his Complaint, as currently pled, failed to state a claim upon which relief may be granted. (Doc. No. 6 at 3-6.) I explained in detail why Plaintiff's claims were deficient. (*Id*.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id*.) Further, I advised Plaintiff of what his Amended Complaint should include, if he chose to file one. (*Id*. at 6.) He was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*.) Plaintiff has not filed an Amended Complaint and the time for doing so has passed. Accordingly, I will continue screening his original Complaint.

As mentioned above, Plaintiff sued Defendants in the personal and official capacities. Plaintiff's allegations in their entirety read:

> Under Code 592 U.S. @ 318, 120 S. Ct. 1495 Correctional Officer Mister Sterling has been harassing Inmates of any ethnic color/background other than his own from insults of a variety from slavery to racial slurs calling all African Americans lazy and demanding certain inmates to fulfill more than their job description entitles. For the record, the officers' names are: Phillip Sterling + Austin McFarland.

(Doc. No. 2 at 4). Plaintiff's claims fail for the reasons set out below.

### A. Official Capacity Claims

Plaintiff's official capacity claims are the equivalent of claims against Craighead County. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Because Plaintiff did not identify a policy, practice, or custom he maintains was the driving force behind the alleged violation of his rights, there is no basis upon which to establish municipal liability and his official capacity claims should be dismissed.

### B. Claims on Behalf of Others

Plaintiff complains that Defendants harassed inmates of different ethnicities and backgrounds than their own. (Doc. No. 2 at 4.) *Pro se* litigants, however, are not authorized to represent the rights, claims and interests of other parties in any cause of action. *Fymbo v. State Farm Fire and Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity."). To the extent Plaintiff attempted to make claims on behalf of others, he may not do so.

### C. No Personal Harm Alleged

Plaintiff has not explained how he was personally harmed by Defendants' alleged actions. Without alleged harm, Plaintiff failed to state a claim.

### D. Racial Slurs Alone Insufficient to State a Claim

Without more, verbal harassment and the use of offensive language, including racial slurs, does not state a claim on which relief may be granted. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985).

E.    **Work Outside of Job Title Alone Insufficient to State a Claim**

Plaintiff alleged Defendants require "certain inmates to fulfill more than their job description entitles." (Doc. No. 2 at 4.) As currently pled, Plaintiff's claims fail because a prisoner has no protected liberty interest in holding a certain job or job duties. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Battle v. Minnesota Dep't of Corr.*, 40 Fed. Appx. 308 (8th Cir. 2002).

F.    **Damages for Emotional Distress**

Plaintiff seeks damages in the amount of $20,000 for emotional distress. (Doc. No. 2 at 5.) The Prison Litigation and Reform Act provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotion injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e). Because Plaintiff has not alleged physical injury or the commission of a sexual act, he is not entitled to damages for emotional distress.

Plaintiff was advised in detail regarding the deficiencies in his Complaint, and I also explained in detail what Plaintiff's Amended Complaint should include if he chose to file one. He chose not to amend. His claims as pled fail to state a claim on which relief may be granted, and his Complaint should be dismissed.

IV.   **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.   Plaintiff's claims be dismissed without prejudice.

2.   Plaintiff's Complaint (Doc. No. 2) be dismissed without prejudice.

3.   This dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

    4.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 23rd day of December 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE